UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USA STAFFING SERVICES, LLC<br><br>      Plaintiff,<br><br>    -against-<br><br>YDC, INC. d/b/a REZI<br><br>      Defendant. | Case No. 23-cv-8613<br><br>**COMPLAINT** |

Plaintiff USA Staffing Services, LLC, ("USA Staffing") by its attorneys Braverman Greenspun, P.C., for its Complaint against Defendant YDC Inc. d/b/a Rezi ("Rezi"), states as follows:

**PRELIMINARY STATEMENT**

1. USA Staffing is a provider of staffing services, and brings this Complaint against its customer, Rezi, for breach of contract and account stated for an unpaid balance for services provided and billed to Rezi by USA Staffing.

2. Rezi owes a balance of $700,308.81 for services form April 2023 to date, plus current interest charges of $24,743.75 and attorneys' fees and expenses due under the agreement between the parties.

**THE PARTIES**

3. USA Staffing is a Florida limited liability company authorized to do business in New York with a principal place of business at 405 N. Reo Street, Suite 250, Tampa, FL 33609.

4. USA Staffing is considered a citizen of Florida for jurisdictional purposes in that all of its membership interests are held directly and indirectly by Florida citizens. Specifically,

USA Staffing's sole member is Staffing Management Group, LLC, which has two members, MK Ultra Investments, LLC and Lead Staffing, LLC. The sole member of MK Ultra Investments, LLC is Matthew Kolinski, a citizen of Florida. The sole member of Lead Staffing, LLC, is Mark Curtiss, a citizen of Florida.

5. On information and belief, Rezi is a Delaware corporation with a principal place of business at 26 Broadway, Suite 1106, New York, New York 10004.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) in that there is diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) in that Defendant is considered to reside in this District.

8. In addition, the parties have contractually agreed that their agreement will be governed by New York law, and that the exclusive venue for actions shall be in New York and that they waive all objections to personal jurisdiction and venue in New York.

## BACKGROUND

9. On or about June 17, 2021, USA Staffing and Rezi entered into a Staffing Terms and Conditions Agreement (the "Contract").

10. Under the Contract, USA Staffing and/or its affiliate were to provide Rezi with workers ("USA Employees") on a temporary or contract basis based on Rezi's needs and requirements.

11. The terms of the Contract include that:

    a. USA Employees would provide time records for Rezi's approval each week, and such approval "indicates [Rezi's] acknowledgment that the hours reflected on the time records are accurate and the work performed is acceptable."

    b. Rezi was to be billed weekly for the hours worked, with payment due on a net thirty (30) day basis.

    c. Invoices in default would be charged interest on past due billings at a rate of 1.5% per month.

    d. Rezi "agrees to pay the balance due, accrued interest, lien filing fees, and reasonable attorneys' fee and costs of collection."

    e. Rezi "must provide written notice within ten (10) calendar days of the date of the invoice with any disputes, or the full amount of the invoice shall be deemed not disputed, accepted and payable."

12.    The Contract further specifies that: "If there is a dispute over the enforcement of this Agreement, including but not limited to the collection of amounts due hereunder, the prevailing party shall be entitled to recover its attorney fees and costs from the non-prevailing party."

13.    Under the Contract, USA Staffing regularly provided contract or temporary workers to Rezi, rendering invoices to Rezi for such services on a weekly basis.

14.    Initially, Rezi promptly paid all invoices.

15.    However, Rezi later fell behind on payments.

Complaint – Page 3

16. As of the date hereof, has an outstanding balance of $700,308.81, with unpaid invoices dating back to April 25, 2023. USA Staffing anticipates rendering additional invoices for services provided but not yet billed by the date hereof

17. Rezi has never notified USA Staffing of any dispute with regard to any of the unpaid invoices.

18. Interest on the outstanding balance due under the Contract totals $24,743.75, as of the date hereof.

19. Interest will continue to accrue until all outstanding balances are paid.

20. In addition, under the Contract, Rezi is responsible for all attorneys' fees and costs of collection.

### FIRST CAUSE OF ACTION

(Breach of Contract)

21. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

22. USA Staffing has provided staffing services to Rezi as set forth in the Contract.

23. USA Staffing has complied with its obligations under the Contract.

24. Rezi has breached its obligations under the Contract to pay for the staffing services provided in a timely manner.

25. Rezi's breach of the Contract has caused USA Staffing damages in an amount of not less than $700,308.81, plus interest in an amount not less than $24,743.75 and all attorneys' fees and costs incurred by USA Staffing.

## SECOND CAUSE OF ACTION

(Account Stated)

26. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

27. USA Staffing regularly presented statements of account to Rezi reflecting the amounts due to USA Staffing.

28. Rezi accepted each such statement of account as correct by failing to object to each such statement in a timely manner.

29. Rezi has agreed to pay such accounts so stated.

30. Rezi is liable to USA Staffing on the basis of an account stated in the amount of not less than $700,308.81.

31. Rezi is also liable for interest on such account stated in an amount not less than $24,743.75 as well as for all attorneys' fees and costs incurred by Plaintiff.

WHEREFORE, Plaintiff USA Staffing Services, LLC respectfully requests that this Court enter judgment against Defendant YDC Inc. d/b/a Rezi in the amount of not less than $700,308.81, plus interest in an amount not less than $24,743.75 and all attorneys' fees and costs incurred by Plaintiff, along with such other and further relief may be just and proper.

Dated: New York, New York
September 29, 2023

BRAVERMAN GREENSPUN, P.C.
By: /s/William J. Geller
William J. Geller
Robert J. Braverman
110 East 42nd Street, 17th Floor
New York, New York 10017
(212) 682-2900
*Attorneys for Plaintiff*

Complaint – Page 5