UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USA STAFFING SERVICES, LLC                    Case No. 23-cv-8613 (LGS)

                    Plaintiff,

        -against-

YDC, INC. d/b/a REZI

                    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

BRAVERMAN GREENSPUN, P.C.
*Attorneys for Plaintiff USA Staffing Services, LLC*
110 East 42nd Street, 17th floor
New York, New York 10017
(212) 682-2900

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES .........................................................................................ii

TABLE OF EXHIBITS ................................................................................................iv

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ...........................................................................................2

    A.   The Contract.................................................................................................2

    B.   Time Keeping and Billing Under the Contract............................................3

    C.   Absence Of Notice of Invoice Disputes......................................................4

    D.   Collections From Rezi .................................................................................5

    E.   Arrears Accumulating In 2023 and Interest and Attorneys Fees Accrued ..................5

    F.   2023 Resolution Efforts and Proceedings in this Action .............................7

STANDARD FOR GRANT OF SUMMARY JUDGMENT..........................................8

ARGUMENT ..............................................................................................................9

I  REZI HAS BREACHED ITS CONTRACT WITH USA STAFFING  BY NOT PAYING INVOICES RENDERED WITHOUT OBJECTION ...........................................9

II  USA STAFFING HAS DEMONSTRATED ACCOUNT STATED .....................................11

CONCLUSION............................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

Cases

*Adar Bays, LLC v. GeneSYS ID, Inc.,*
   37 N.Y.3d 320 (2021) ................................................................................................ 11

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986) .................................................................................................... 9

*Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC,*
   692 F.3d 42 (2d Cir. 2012) .......................................................................................... 8

*D & N Lending, LLC v. Tachlis Corp.,*
   221 A.D.3d 954 (2d Dept. 2023) ........................................................................... 11, 12

*Fischer & Mandell, LLP v. Citibank, N.A.,*
   632 F.3d 793 (2d Cir. 2011) ........................................................................................ 9

*Guzman v. Ramos,*
   191 A.D.3d 644 (2d Dept. 2021) ................................................................................. 9

*Hicks v. Baines,*
   593 F.3d 159 (2d Cir. 2010) ........................................................................................ 9

*Holcomb v. Iona,*
   521 F.3d 130 (2d Cir. 2008) ........................................................................................ 9

*Jaramillo v. Weyerhaeuser,*
   536 F.3d 140 (2d Cir. 2008) ........................................................................................ 9

*Johnson v. Killian,*
   680 F.3d 234 (2d Cir. 2012) ........................................................................................ 9

*LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham,*
   185 F.3d 61 (2d Cir. 1999) ........................................................................................ 12

*Mintz & Gold LLP v. Daibes,*
   125 A.D.3d 488 (1st Dept. 2015) ............................................................................... 10

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC,*
   537 F.3d 168 (2d Cir. 2008) ...................................................................................... 12

*Robert Half Int'l, Inc. v. Re-Track USA Inc.,*
   261 A.D.2d 376 (2d Dept. 1999) ............................................................................... 12

Statutes

28 U.S.C. § 1332.......................................................................................................................... 8

Fla. Stat. Ann. § 687.02 .............................................................................................................. 11

General Obligations Law § 5-521............................................................................................... 11

Rules

Fed. R. Civ. P. 54(d)(2)............................................................................................................... 11

Fed. R. Civ. P. 56(a) .................................................................................................................... 8

Fed. R. Civ. P  26(a)(1)................................................................................................................ 8

## TABLE OF EXHIBITS

### EXHIBITS TO THE DECLARATION OF IVONNE ORJUELA

1      Staffing Terms and Conditions Agreement (the "Contract")

2      Assignment & Bill Rate Summaries

3      Samples of Unpaid Invoices[1]

4      Invoice Register Report

5      Samples of Payment Receipt Notices

6      Cash Receipt Report

7      Accounts Receivable Aging Reports February 2023 to January 2024

### EXHIBIT TO THE DECLARATION OF MATTHEW KOLINSKI

8      Emails between Matthew Kolinski and Sean Mitchell

### EXHIBITS TO THE DECLARATION OF WILLIAM J. GELLER

9      Complaint

10     Answer

---

[1]    Filing of an exhibit in excess of 15 pages, provided the total page count of exhibits did not exceed 225, was authorized by this Court's Order of February 1, 2024 (ECF 23).

## PRELIMINARY STATEMENT

This is a straightforward contract and account stated action for unpaid staffing services provided by Plaintiff USA Staffing Services, LLC ("USA Staffing") to Defendant YDC, Inc. d/b/a Rezi ("Rezi"). The parties entered into a June 17, 2021, a Staffing Terms and Conditions Agreement (the "Contract"), which set forth the terms under which USA Staffing would provide workers ("USA Employees") to Rezi on a temporary or contract basis. (Exhibit 1 to the Declaration of Ivonne Orjuela ("Orjuela Aff.")).

Under the Contract, the work and time records submitted by the USA Employees were approved by Rezi managers, after which USA Staffing would invoice Rezi for the charges on a weekly basis. The Contract expressly required that Rezi "must provide written notice within ten (10) calendar days of the date of the invoice with any disputes, or the full amount of the invoice shall be deemed not disputed, accepted and payable." (Orjuela Aff., Ex. 1, ¶ 9). Although USA Staffing rendered hundreds of invoices to Rezi over the more than two years that it provided staffing services, Rezi never disputed a single invoice. Although Rezi initially paid its invoices timely, in 2023 it began accumulating a substantial balance of unpaid invoices.

In September 2023, when Rezi's unpaid balance had grown to more than $700,000, USA Staffing ceased providing USA Employees to Rezi and brought this action seeking all amounts due, plus interest and attorneys' fees as provided for in the Contract. Because the documentary evidence shows that USA Staffing regularly invoiced Rezi as provided for in the Contract and Rezi never objected in writing to any invoiced charges, this Court should grant summary judgment to USA Staffing on its breach of contract and account stated claims.

## STATEMENT OF FACTS

### A.       The Contract

On or about June 17, 2021, USA Staffing and Rezi entered into the Contract, a Staffing

Terms and Conditions Agreement.  (*See* Exhibit 9 to the Declaration of William J. Geller ("Geller

Decl."), Complaint ("Complaint"), ¶ 5, *admitted* Geller Decl., Ex. 10, Answer with Affirmative

Defenses ("Answer"), ¶ 5).

Under the Contract, USA Staffing and/or its affiliate were to provide Rezi with workers

("USA Employees") on a temporary or contract basis based on Rezi's needs and requirements.

(Orjuela Decl., Ex. 1, ¶ 2).  Paragraph 9 of the Contract sets forth several essential terms of the

parties' working relationship, including that:

a.  USA Employees would provide time records for Rezi's approval each week, and such

    approval "indicates [Rezi's] acknowledgment that the hours reflected on the time

    records are accurate and the work performed is acceptable."

b.  Rezi was to be billed weekly for the hours worked, with payment due on a net thirty

    (30) day basis.

c.  Invoices in default would be charged interest on past due billings at a rate of 1.5% per

    month.

d.  Rezi "agrees to pay the balance due, accrued interest, lien filing fees, and reasonable

    attorneys' fee and costs of collection."

e.  Rezi "must provide written notice within ten (10) calendar days of the date of the

    invoice with any disputes, or the full amount of the invoice shall be deemed not

    disputed, accepted and payable."  (Complaint, ¶ 11, *admitted* Answer ¶ 11; Orjuela

    Decl., Ex. 1, ¶ 9).

The Contract provides that it "shall be governed exclusively by the laws of the State of New York." (Orjuela Decl., Ex. 1, ¶ 15). It also provides that New York shall be the exclusive venue for any action brought under the Contract." (Orjuela Decl., Ex. 1, ¶ 15).

**B.** **Time Keeping and Billing Under the Contract**

As provided for in the Contract, Rezi entered into a number of "Assignment & Bill Rate Summary" ("ABRS") agreements for certain job classifications. (Orjuela Decl., Ex. 1. ¶ 2 & Ex. 2). During the course of the relations between the parties, Rezi would from time to time direct in writing the payment of bonuses to USA Employees, changes in the compensation rates for USA Employees and the reimbursement of expenses incurred by USA Employees. (Orjuela Decl., ¶ 10). Pursuant to the Contract, the ABRS's, and the written directions from Rezi, USA Staffing hired and employed certain individuals as USA Employees, which it assigned to Rezi on a temporary or contract basis. (Orjuela Decl., ¶ 11).

The time records of the USA Employees, the approval of the USA Employees' time and work by Rezi, the billing of the charges for the USA Employees to Rezi, and the collection of payments from Rezi were accounted for through a computerized time and billing system (the "Billing System"). (Orjuela Decl., ¶¶ 5-6).

For each week that a USA Employee was assigned to Rezi, that employee would electronically enter the time he or she worked into the Billing System through an app on his or her personal mobile phone or other device. (Orjuela Decl., ¶ 12). After submission of the USA Employee's time, the USA Employee's manager at Rezi would approve the USA Employee's time electronically through the Billing System. (Orjuela Decl., ¶ 13). Occasionally, if there were questions or discrepancies about the time submitted, the Rezi manager would reject the USA

Employee's time submission, with instructions for correction. In these cases, the Rezi manager would approve the USA Employee's time after resubmission. (Orjuela Decl., ¶ 14). All time submitted by each USA Employee and billed to Rezi was approved by a Rezi manager, either initially or after resolution of questions. (Orjuela Decl., ¶ 15).

On a weekly basis, USA Staffing would submit invoices to Rezi for the time and other charges for each USA Employee for the prior week. (Orjuela Decl., ¶ 16). Each invoice rendered by USA Staffing to Rezi included a "Timesheet Details" report showing the hours submitted by the USA Employee, the date and time when those hours were submitted by the USA Employee, and the name of the Rezi manager who approved the hours, with the date and time of such approval. (Orjuela Decl., ¶ 17; *see also* Orjuela Decl., Ex. 3). Where there was additional correspondence or information relating to a particular invoice, such as approval of incentive bonuses, it would also be attached to the invoice. (Orjuela Decl., ¶ 18; *see also* Orjuela Decl., Ex. 3). Each invoice from was e-mailed to Bryan Tureaud, the CFO of Rezi, as well as to "finops@rezi.co." (Orjuela Decl., ¶ 19; *see also* Orjuela Decl., Ex. 3). Over the course of the relationship between USA Staffing and Rezi, USA Staffing rendered 279 invoices to Rezi in the aggregate invoiced amount of $3,158,342.36. (Orjuela Decl., ¶ 22; Orjuela Decl., Ex. 4).

### C.      Absence Of Notice of Invoice Disputes

Under the Contract, Rezi "must provide written notice within ten (10) calendar days of the date of the invoice with any disputes, or the full amount of the invoice shall be deemed not disputed, accepted and payable." (Orjuela Decl., Ex. 1, ¶ 9).

Other than time and billing questions resolved prior to the submission of the invoice, Rezi never provided USA Staffing with any written or other notice of any disputes with respect to any

of the invoices rendered by USA Staffing to Rezi. (Orjuela Decl., ¶¶ 23-28; *see also* Kolinski Decl., ¶¶ 21-22).

D.      **Collections From Rezi**

During the course of the relationship between USA Staffing and Rezi, Rezi would make payments for outstanding invoices through electronic transfers to USA Staffing's bank. (Orjuela Decl., ¶ 29). When a payment was received from Rezi, USA Staffing would receive a notification of the amount received and the invoices against which the invoices were paid. (Orjuela Decl., ¶ 30; *see also* Orjuela Decl., Ex. 5). The payments received and the invoices to which they were to be applied were recorded in USA Staffing's Billing System, which would credit the payments against the applicable invoices. (Orjuela Decl., ¶ 31).

Over the course of the relationship between USA Staffing and Rezi, USA Staffing received payments from Rezi in the aggregate amount of $2,454,260.75. (Orjuela Decl., ¶ 33; Orjuela Decl., Ex. 6). As the aggregate amount from USA Staffing to Rezi was $3,158,342.36 and USA Staffing received payments from Rezi totaling $2,454,260.75, Rezi has a net unpaid balance in the amount of $704,081.61. (Orjuela Decl., ¶ 35; Orjuela Decl., Exs. 4 & 6).

E.      **Arrears Accumulating In 2023 and Interest and Attorneys Fees Accrued**

Under the Contract: "All invoices are due <u>net thirty (30) days</u>. Invoices will be considered in default after twenty-four (24) calendar days of net terms, unless payment in full has been received. Invoices in default will be charged interest on unpaid balances at the rate of 1.5% per month, unless prohibited by law, in which case, the interest rate shall be the maximum allowed by law." (Orjuela Decl., Ex. 1, ¶ 9). In addition, where Rezi was in default, USA Staffing was permitted under the Contract to "notify Employee(s) of the end of their assignment(s) and payroll will cease immediately." (Orjuela Decl., Ex. 1, ¶ 9). Thus, invoices that remained unpaid more

than 54 days after being rendered would be considered in default and subject to interest at the rate

of 1.5% per month (18% per year). (Orjuela Decl., Ex. 1, ¶ 9).

From the beginning of the parties' relationship in mid-2021 through the end of 2022, Rezi

generally paid all invoices prior to their going into default after 54 days.  (Orjuela Decl., ¶ 37;

Kolinski Decl., ¶ 17).  However, starting in early 2023, Rezi began to delay payments and to allow

invoices to go into default.  (Orjuela Decl., ¶ 39; Kolinski Dec., ¶ 18).  Although USA Staffing

continued to receive payments from Rezi, the invoice balance in default grew over the course of

2023.  (Orjuela Decl., ¶ 40; Kolinski Dec., ¶ 19).

For this Motion, USA Staffing has computed the interest due by obtaining an accounts

receivable aging report for the end of each month from February 2023 through January 31, 2024,

and computing the interest due as 1.5% of any balance due more than 60 days past the invoice

date.  The following chart shows the monthly over-60 day balances and the monthly interest

amount for that month.

| Month | Amount over 60 days | Monthly Interest amount |
|---|---|---|
| 2/28/2023 | $25,320.00 | $379.80 |
| 3/31/2023 | $17,976.00 | $269.64 |
| 4/30/2023 | $7,836.00 | $117.54 |
| 5/31/2023 | $32,810.00 | $492.15 |
| 6/30/2023 | $188,008.00 | $2,820.12 |
| 7/31/2023 | $362,979.34 | $5,444.69 |
| 8/31/2023 | $469,673.94 | $7,045.11 |
| 9/29/2023 | $544,979.81 | $8,174.70 |
| 10/31/2023 | $642,392.01 | $9,635.88 |
| 11/30/2023 | $700,308.81 | $10,504.63 |
| 12/31/2023 | $704,081.61 | $10,561.22 |
| 1/31/2024 | $704,081.61 | $10,561.22 |
| Total Interest Accrued as of 1/31/2024 | | $66,006.71 |

As shown on the chart, a total of $66,006.71 has accrued through January 31, 2024, and additional interest will accrue on the outstanding balance of $704,081.61 at the rate of $10,561.22 per month. (Orjuela Decl., Ex. ¶¶ 40-41; Orjuela Decl., Ex. 7).

The Contract also provides that USA Staffing is entitled to "reasonable attorneys fees and costs of collection" for invoices in default, and separately provides that in a dispute over enforcement of the Contract, the prevailing party shall be entitled to its attorney fees and costs. (Orjuela Decl., Ex. 1, ¶¶ 9 & 19). Through January 31, 2024, USA Staffing has incurred legal fees and expenses to its litigation counsel in the amount of $20,361.00, and will continue to incur legal fees through the conclusion of this matter in an amount that can be documented in a post-judgment motion. (Geller Decl., ¶¶ 11-12).

F.     **2023 Resolution Efforts and Proceedings in this Action**

As arrears accumulated in 2023, Matthew Kolinski, USA Staffing's CEO, and Sean Mitchell, Rezi's CEO, had numerous conversations and e-mail exchanges with regard to satisfying Rezi's arrears and defaults. (Kolinski Dec., ¶¶20-25; Kolinsky Decl., Ex. 8). Despite these discussions, the parties were unable to come to an agreement with respect to satisfying Rezi's arrears. (Kolinski Dec., ¶ 24). As a result, at the end of September 2023, USA Staffing ended the assignments of the few remaining USA Employees with Rezi. (Kolinski Decl., ¶ 26; *see also* Orjuela Decl., Ex. 1, ¶ 9 (on account default, permitting USA Staffing to "notify Employee(s) of the end of their assignment(s) and payroll will cease immediately")).

USA Staffing filed the Complaint herein for breach of contract and account stated on September 29, 2023. (Geller Decl., Ex. 9). Rezi filed the Answer on October 24, 2023. (Geller

Decl., Ex. 10).[2]  Although this Court ordered Rezi to file a response to USA Staffing's pre-motion letter with respect to this Motion (ECF 19 & 21), Rezi failed to comply.  (Geller Aff., ¶¶ 5-7).

This Court's Order of February 1, 2024 (ECF 23) set a briefing schedule for this Motion and ordered "that, by February 15, 2024, each party shall serve their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)."[3]  On February 15, 2024, USA Staffing served its Fed. R. Civ. P. 26(a)(1) initial disclosures on Rezi's counsel, and has provided Rezi's counsel with copies of all documents that it intends to use to support its claims, including complete copies of all documents submitted with or excerpted in this Motion.  However, Rezi did not serve its Fed. R. Civ. P. 26(a)(1) disclosures, either by the due date or at any time thereafter.  (Geller Decl., ¶¶ 8-9).  In fact, Rezi has not communicated with USA Staffing in any manner since a February 18, 2024 video settlement conference.  (Geller Decl., ¶ 10).

## STANDARD FOR GRANT OF SUMMARY JUDGMENT

. To obtain summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

---

[2]     In the Answer, Rezi questions this Court's diversity subject matter jurisdiction because USA Staffing pled its Florida "citizenship" and the Florida "citizenship" of the individuals who were the indirect owners of all of the limited liability company equity interests in USA Staffing, rather than their "domicile."  Answer, ¶¶ 34 & 39.   Nowhere in the Answer or in any other proceedings herein has Rezi or its counsel indicated that it has any evidence that Plaintiff is not a Florida citizen for diversity jurisdiction under 28 U.S.C. § 1332.  Submitted herewith are Declarations of the two individual principals of USA Staffing at the time of the commencement of this Action, Matthew Kolinski and Mark Curtiss demonstrating that they are citizens, residents, and domiciliaries of Florida, and that their ownership interests in USA Staffing and intermediate LLCs confers Florida citizenship on USA Staffing.  (Kolinski Decl. ¶¶ 3-13; Declaration of Mark Curtiss); *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (LLC takes citizenship of each of its members).  Rezi is undisputedly a Delaware corporation headquartered in New York, New York (Complaint, ¶ 5, *admitted* Answer, ¶ 5), so this Court has jurisdiction under 28 U.S.C. § 1332(a)(1) based on the parties' complete diversity of citizenship and damages in excess of the jurisdictional minimum.

[3]     The February 1, 2024 Order also authorized the filing of an exhibit in excess of 15 pages provided that the total page count of exhibits does not exceed 225.  (ECF 23)

Civ. P. 56(a). The court must view the facts in a light most favorable to the non-moving party. *Holcomb v. Iona*, 521 F.3d 130, 132 (2d Cir. 2008), and resolve all ambiguities, and permissible factual inferences in a manner which favors the party defending the motion for summary judgment. *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012).

If the moving party meets its burden, in order to defeat summary judgment the non-moving party must come forward with sufficient admissible evidence to raise a genuine question of fact. *Jaramillo v. Weyerhaeuser*, 536 F.3d 140, 145 (2d Cir. 2008). Speculation or conjecture is insufficient. *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). Only those disputes regarding facts which could affect the outcome of the lawsuit, are relevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ARGUMENT

## I

## REZI HAS BREACHED ITS CONTRACT WITH USA STAFFING BY NOT PAYING INVOICES RENDERED WITHOUT OBJECTION

USA Staffing's first cause of action is for breach of contract. "Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages. Summary judgment is appropriate if the terms of the contract are unambiguous." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011) (citations omitted); *see also Guzman v. Ramos*, 191 A.D.3d 644 (2d Dept. 2021).[4] Here, the documents and evidence demonstrate that USA Staffing has established all of the elements of a breach contract claim as a matter of law.

---

[4] The Contract provides that it is governed by New York law. (Orjuela Decl., Ex. 1, ¶ 15).

It is undisputed that the parties entered into the June 17, 2021 Contract. (Complaint ¶ 9, *admitted* Answer, ¶ 9).

USA Staffing has demonstrated its adequate performance. From 2021 through September 2023, as provided for in the Contract, USA Staffing provided USA Employees to Rezi on a contract or temporary basis, and each of the hours worked by those USA Employees were approved by Rezi managers. (Orjuela Aff., ¶¶ 11-17). Under the Contract such approval by Rezi "indicates [Rezi's] acknowledgment that the hours reflected on the time records are accurate and the work performed is acceptable." (Complaint, ¶ 11, *admitted* Answer ¶ 11; Orjuela Decl., Ex. 1, ¶ 9).

Based on the approved hours worked by the USA Employees, USA Staffing rendered 279 invoices for those USA Employees' services. (Orjuela Decl., ¶ 22; Orjuela Decl., Ex. 4). Under the Contract, Rezi "must provide written notice within ten (10) calendar days of the date of the invoice with any disputes, or the full amount of the invoice shall be deemed not disputed, accepted and payable." (Complaint, ¶ 11, *admitted* Answer ¶ 11; Orjuela Decl., Ex. 1, ¶ 9). Rezi has not provided any written notice disputing any of the invoices. (Orjuela Decl., ¶¶ 23-28; *see also* Kolinski Decl., ¶¶ 21-22). Rezi's failure to dispute any of the invoices caused them to be "not disputed, accepted and payable," with payment due on a net thirty (30) day basis. (Complaint, ¶ 11, *admitted* Answer ¶ 11; Orjuela Decl., Ex. 1, ¶ 9); *see [Mintz & Gold LLP v. Daibes](#), 125 A.D.3d 488, 489 (1st Dept. 2015)* (granting summary judgment under contract clause requiring timely notice of objection to invoice; defendant's affidavit asserting invoice disputes without providing details insufficient to raise triable issue of fact).

Rezi has breached the Contract by failing to pay the invoices rendered when due. Although USA Staffing rendered invoices with an aggregate amount due of $3,158,342.36 and received

payments from Rezi totaling only $2,454,260.75, Rezi has a net unpaid balance in the amount of $704,081.61.  (Orjuela Decl., ¶ 35; Orjuela Decl., Exs. 4 & 6).

Finally, USA Staffing has suffered damages.  Under the Contract, it is entitled not only to be paid in full for its invoices rendered, but also interest of 1.5% per month for invoice balances in default and its attorneys' fees.  (Orjuela Decl., Ex. 1, ¶¶ 9 & 19).[5]  As set forth above, USA Staffing has suffered damages of:  (1) unpaid invoices in the amount of $704,081.61; (2) pre-judgment interest in the amount of $66,006.71 through January 31, 2024, plus interest accruing in the amount of $10,561.22 per month thereafter; (3) attorneys' fees in an amount not less than $20,361.00 to be determined in a post-judgment motion pursuant to Fed. R. Civ. P. 54(d)(2).

Because USA Staffing has demonstrated its Contract with Rezi, its performance, Rezi's breach and its damages, this Court should award it summary judgment on its breach of contract claim for all damages suffered.

## II

## USA STAFFING HAS DEMONSTRATED ACCOUNT STATED

Under New York Law:  "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due.  An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account." *D & N Lending, LLC v. Tachlis Corp.*, 221 A.D.3d 954, 955 (2d Dept. 2023) (internal quotations and

---

[5]     In New York, corporations are barred from raising a defense of civil usury, though not a defense of criminal usury for interest rates in excess of 25% per annum.  General Obligations Law § 5-521; *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320, 326 (2021).  Although Rezi raises an affirmative defense of usury in its Answer (Geller Decl., Ex. 10, ¶ 41), because the interest rate charged is 1.5% per month, or 18% per annum, Rezi's defense is barred. Although the Contract provides it is governed by New York law, it also complies with Florida usury law, which permits interest of up to 18% per annum.  Fla. Stat. Ann. § 687.02.

citations omitted); *see also* [LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999)](#).[6]

Here, USA Staffing has rendered 279 invoices to Rezi in the total amount of $3,158,342.36. (Orjuela Decl., ¶ 22; Orjuela Decl., Ex. 4).  Rezi has retained each of those invoices without objecting to them in a reasonable time.  (Orjuela Decl., ¶¶ 23-28; *see also* Kolinski Decl., ¶¶ 21-22) And, Rezi has made partial payment on the invoices in the amount of $2,454,260.75.  (Orjuela Decl., ¶ 35; Orjuela Decl., Exs. 4 & 6).  Together, these facts are sufficient to sustain an account stated claim for the $704,081.61 unpaid account balance Rezi has due and owing to USA Staffing. [D & N Lending, 221 A.D.3d at 955](#) (sustaining summary judgment for account stated where "the plaintiff submitted, inter alia, a transaction record reflecting that regular invoices were issued to Tachlis Corp. and Tachlis Corp. made partial payments on the invoices"); [Robert Half Int'l, Inc. v. Re-Track USA Inc., 261 A.D.2d 376, 377 (2d Dept. 1999)](#) (reversing denial of summary judgment on account stated claim for temporary employment services).

Because USA Staffing has demonstrated an account stated claim against Resi in the amount of $704,081.61, this Court should award it summary judgment on its account stated cause of action.

---

[6]     Both contract and account stated claims are properly brought because:  "when a party has both a claim for account stated and a claim under a contract that provides for an award of attorneys' fees, the claims for breach of contract and account stated are not duplicative." [NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008)](#).

**CONCLUSION**

For the reasons stated herein, and in the accompanying Statement of Undisputed Material Facts, and Declarations of Matthew Kolinski, Ivonne Orjuela, and Mark Curtiss, with the exhbiits thereto, Plaintiff USA Staffing Services, LLC respectfully requests that this Court grant summary judgment against Defendant YDC, Inc. d/b/a Rezi and award (1) damages for unpaid invoices in the amount of $704,081.61; (2) pre-judgment interest in the amount of $66,006.71 through January 31, 2024, plus interest accruing in the amount of $10,561.22 per month thereafter; (3) attorneys' fees in an amount not less than $20,361.00 to be determined in a post-judgment motion; and (4) such other relief as may be just and proper.

Dated:  New York, New York
        March 8, 2024

BRAVERMAN GREENSPUN, P.C.

By:   /s/William J. Geller
     William J. Geller
110 East 42nd Street, 17th Floor
New York, New York 10017
wgeller@braverlaw.net
(212) 682-2900
*Attorneys for Plaintiff USA Staffing Services, LLC*
