```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  USA STAFFING SERVICES, LLC,                               :
                                                            :
                              Plaintiff,                    :
                    -against-                               :     23 Civ. 8613 (LGS)
                                                            :
  YDC, INC., d/b/a REZI,                                    :          ORDER
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, in September 2023, Plaintiff USA Staffing Services, LLC commenced the instant action against Defendant YDC, Inc., d/b/a Rezi, for breach of contract and account stated for an unpaid balance related to staffing services provided by Plaintiff.

WHEREAS, the Order dated January 29, 2025, granted Plaintiff summary judgment on both claims against Defendant. *USA Staffing Servs., LLC v. YDC, Inc.*, No. 23 Civ. 8613, 2025 WL 327376 (S.D.N.Y. Jan. 29, 2025). On January 31, 2025, the matter was referred to Magistrate Judge Valerie Figueredo for a post-judgment damages inquest on the breach of contract and account stated claims, applicable interest, attorney's fees and costs consistent with the parties' contract.

**Report and Recommendation**

WHEREAS, on September 5, 2025, Judge Figueredo issued a Report and Recommendation (the "Report"). The Report recommended damages and pre-judgement interest on the breach of contract claim in line with the unambiguous terms of the parties' contract and the evidence contained in Plaintiff's Inquest Submission.

WHEREAS, the Report declined to recommend damages on the account stated claim, as Plaintiff cannot recover damages on its account stated claim where it has already been awarded damages on a breach of contract claim arising from the same contract. *See Precise Leads, Inc. v.*

*Nat'l Brokers of Am., Inc.*, No. 18 Civ. 8661, 2020 WL 736918, at *4 (S.D.N.Y. Jan. 21, 2020) (explaining that "where a claim for account stated arises out of events already the subject of a valid and enforceable contract, recovery is precluded"), *report and recommendation adopted as modified*, 2020 WL 729764 (S.D.N.Y. Feb. 13, 2020); *Canon U.S.A., Inc. v. Sysorex Gov't Servs., Inc.*, No. 23 Civ. 8001, 2024 WL 1914347, at *6 (E.D.N.Y. May 1, 2024) (reasoning that the account stated claim "is duplicative of [the] successful breach of contract claims . . . where Plaintiff seeks the same damages"), *report and recommendation adopted* (Sept. 26, 2024).

WHEREAS, the Report recommended attorney's fees at a reduced rate from Plaintiff's Inquest Submission due to excessive hourly rates and overbilling, and costs in line with Plaintiff's Inquest Submission.

WHEREAS, though Plaintiff did not seek post-judgment interest in its Inquest Submission, the Report recommended post-judgment interest on the total damages award according to the statutory formula set forth in 28 U.S.C. § 1961. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (stating that post-judgment interest is "mandatory" and should be awarded at the statutory rate prescribed by 28 U.S.C. § 1961); *Spin Master v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 426 (S.D.N.Y. 2018) ("Post-judgment interest is awarded on any money judgment recovered in a civil case.").

WHEREAS, the Report ultimately recommended that Plaintiff be awarded (1) damages in the amount of $704,081.61; (2) pre-judgment interest in the amount of $266,968.77, plus an additional $10,561.22 per month beginning in September 2025 until the date of judgment; (3) attorney's fees in the amount of $40,915.25; (4) costs in the amount of $475.00 and (5) post-judgment interest.

WHEREAS, the Report stated that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections."

WHEREAS, no objections were filed by either party. On October 6, 2025, Plaintiff filed a letter motion requesting that the Report be adopted and that judgment be entered.

**Discussion**

WHEREAS, in reviewing a Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where neither party objects to a magistrate judge's report, the district court will review the report only for clear error. *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); *accord Frankiewicz v. Manhattan Cryobank, Inc.*, No. 20 Civ. 5157, 2025 WL 1068825, at *1 (S.D.N.Y. Apr. 8, 2025) ("[W]here no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

WHEREAS, the Report is thorough and well-reasoned, and there is no clear error on the face of the record. It is hereby

**ORDERED** and **ADJUDGED** that the Report is **ADOPTED** in full. Plaintiff is awarded damages in the amount of $704,081.61; pre-judgment interest in the amount of $266,968.77, plus an additional $10,561.22 per month beginning in September 2025 until the date the Clerk of Court enters judgment in this action; attorney's fees in the amount of $40,915.25 and costs in the amount of $475.00. It is further

**ORDERED** that Defendant shall pay post-judgment interest calculated from the date the Clerk of Court enters judgment in this action until judgement is satisfied, using the federal rate set forth in 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to enter judgment, close the motion to compel at Dkt. No. 45 and close the case.

Dated: October 7, 2025
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**